**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dharmender Singh, | No. CV-20-00062-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Chad Wolf, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge James F. Metcalf's Report and Recommendation ("R & R") (Doc. 15) recommending that the Court grant Respondents' motion to transfer this case to the United States District Court for the Middle District of Pennsylvania. (Doc. 9.) Petitioner did not object to the R & R. For reasons expressed herein, the Court will adopt Judge Metcalf's recommendation and transfer the case.

I.    **BACKGROUND**

Petitioner Dharmender Singh filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2241 on January 9, 2020. (Doc. 1.) The same day, he filed an Emergency Motion to Stay Removal to enjoin his removal from the United States while the Petition remained pending. (Doc. 2.) On January 14, 2020, the Court granted the Emergency Motion and enjoined Petitioner's removal from the United States pending further order. (Doc. 4 at 5.) The Court also ordered that "Respondents shall not file a dispositive motion in place of an answer absent leave of Court." (*Id*. at 5.)

On February 18, 2020, Respondents filed a Motion to Dismiss for Improper Venue

And / Or to Transfer to Middle District of Pennsylvania without seeking leave of the Court. (Doc. 9.) Respondents argue that jurisdiction is not proper in this district because Petitioner is and has been in custody in the York County Prison in York, Pennsylvania, since the time he filed the Petition. (*Id.* at 1.) Respondents also argue that this Court lacks personal jurisdiction over Respondent Clair Doll, warden of the York County Prison and Petitioner's custodian. (*Id.* at 3.) They move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue, or alternatively to transfer it to the U.S. District Court for the Middle District of Pennsylvania.  Petitioner filed a response in opposition on February 28, 2020 (Doc. 12), and an amended response on March 2, 2020. (Doc. 13.) Respondents filed a reply on March 9, 2020. (Doc. 14.)

Magistrate Judge Metcalf issued the R & R on March 31, 2020. (Doc. 15.) It sets forth a thorough history of Petitioner's underlying proceedings and an in-depth analysis of the legal issues presented. The R & R first recommends leave to file the pending motion as it "is now fully briefed, and the recommended resolution of the motion is to grant it and effect a transfer of venue." (*Id.* at 3.) The R & R also concludes, after extended analysis, that the "district-of-confinement rule applies and jurisdiction over the Petition lies in the Middle District of Pennsylvania (where Warden Doll may be served without resort to long-arm service), not this District." (*Id.* at 19.)  It further finds that transfer of venue under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631(a), as opposed to dismissal, is the appropriate relief. (*Id.* at 20) ("Here neither Respondents nor Petitioner proffer any reason why transfer (at least as opposed to dismissal) is not in the interests of justice. A transfer will save time and resources invested to date in filing, briefing, and (at least arguably) service.") Finally, the R & R concludes that the Court need not terminate the existing stay of removal (Doc. 4) in effecting the transfer. (Doc. 15 at 21.)

The R & R informed the parties that they had "fourteen (14) days from the date of service of a copy of [the R & R] within which to file specific written objections with the Court" and that "[f]ailure to timely file objections to the [R & R] will be considered a waiver of a party's right to *de novo* consideration of the issues, and will constitute a waiver

- 2 -

1    of a party's right to appellate review of the findings of fact in an order or judgment entered

2    pursuant to the recommendation of the Magistrate Judge." (*Id.* at 21-22) (citations omitted).

3            On April 14, 2020, Petitioner requested a one-day extension to file an Objection to

4    the R & R. (Doc. 16.) The Court granted an extension to April 17, 2020. (Doc. 17.) Despite

5    the extension, Petitioner has not objected to the R & R.

6    **II.    LEGAL STANDARDS**

7            A petition for writ of habeas corpus filed under 28 U.S.C. § 2241 "challenge[s] the

8    manner, location, or conditions of a sentence's execution." *Hernandez v. Campbell*, 204

9    F.3d 861, 864 (9th Cir. 2000). Parties have 14 days from service of the R & R within which

10   to file specific written objections with the Court. 28 U.S.C. § 636(b)(1)(C). A district court

11   reviews *de novo* those portions of the report to which an objection is made and "may accept,

12   reject, or modify, in whole or in part, the findings or recommendations made by the

13   magistrate judge." *Id.* District courts are not required, however, to conduct "any review

14   at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140,

15   149 (1985). *See also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1220 (D. Ariz. 2003)

16   (accepting, without review, a Report and Recommendation to which no objection was filed

17   in connection with a 28 U.S.C. § 2241 petition).

18   **III.   DISCUSSION**

19           Having reviewed the R & R, and no objections having been made by any party, the

20   Court hereby incorporates and adopts the R & R in full.

21   **IV.    CONCLUSION**

22           Accordingly,

23           **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc.

24   15) is **accepted**.

25           **IT IS FURTHER ORDERED** granting leave to Respondents to file the Motion to

26   Dismiss for Improper Venue And / Or To Transfer To Middle District of Pennsylvania

27   (Doc. 9).

28           **IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss for Improper

Venue And / Or To Transfer To Middle District of Pennsylvania (Doc. 9) is **granted in part** as provided in the Report and Recommendation (Doc. 15).

**IT IS FURTHER ORDERED** that this matter is **transferred** to the United States District Court for the Middle District of Pennsylvania.

**IT IS FURTHER ORDERED** that the portion of Respondents' Motion requesting dismissal of this matter (part of Doc. 9) is **denied**.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to close this case.

Dated this 21st day of May, 2020.

Michael T. Liburdi
United States District Judge